UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                Plaintiff,

v.

Andre Davawn Jackson,

                Defendant.

Crim. No. 10-110 (1) (RHK/JJK)

**MEMORANDUM OPINION ORDER**

---

This matter is before the Court on Defendant's Motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute authorizes a federal district court to reduce the sentence given to a defendant in a federal criminal case, if the sentence is <u>subsequently</u> affected by a retroactively applicable amendment to the sentencing guidelines.[1] In this case, Defendant claims that his sentence should be reduced by reason of two amendments to the sentencing guidelines identified as Amendments 750 and 759. However, both of those amendments were already in effect at the time of Defendant's sentencing, and he was in fact sentenced in accordance with those amendments.[2] Because Defendant has not cited any amendment to the guidelines that became

---

[1] 18 U.S.C. § 3582(c)(2) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that... (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (Emphasis added).

[2] Amendment 750 became effective on November 1, 2010, Amendment 759 became effective on November 1, 2011, and Defendant was sentenced on June 20, 2012. Thus, both of the cited amendments were fully in effect at the time of Defendant's sentencing. Defendant's Motion

effective after his sentencing, he cannot be granted any relief pursuant to § 3582(c)(2).

Furthermore, the amendments cited by Defendant affected only the computation of the prescribed range of his sentence under the guidelines. As the Government has correctly pointed out, the controlling sentencing statute, 21 U.S.C. § 841(b)(1)(B), required that Defendant be given at least a five-year minimum sentence, regardless of the range prescribed by the guidelines alone. Because the Court imposed the statutory mandatory minimum sentence in this case, (five years), the amendments to the guidelines cited by Defendant could not reduce his sentence in any event. See United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012) ("a reduction is not authorized if the amendment does not actually lower a defendant's applicable guidelines range 'because of the operation of another guideline or statutory provision,' such as a statutory mandatory minimum prison term") (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)).

Again, the amendments cited by Defendant were in effect, and were applied (to the extent they were applicable), at the time of his sentencing. Because Defendant has not identified any post-sentencing amendments to the guidelines that are pertinent to his sentence, he has no grounds for seeking a sentence reduction pursuant to § 3582(c)(2).

Finally, the Court notes that Defendant has filed an anomalous motion asking for an extension of the deadline for filing an appeal in this matter. (Doc. No. 125.) (Evidently, Defendant correctly anticipated that his § 3582(c)(2) Motion could not be granted.) The deadline for seeking appellate review of the Court's ruling on Defendant's current § 3582(c)(2) Motion will not begin to run until the entry of this order, and Defendant has not offered any reason why he should not

---

also alludes to two other amendments to the guidelines, Amendment 706 and Amendment 711, but both of those amendments also were fully in effect at the time of Defendant's sentencing.

thereafter be able to file a timely appeal from this order, (assuming he can identify some non-frivolous ground for taking such an appeal). Therefore, Defendant's current Motion for an extension of time to appeal will be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED:**

1. Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. No. 123) is **DENIED**; and

2. Defendant's Motion seeking an extension of the deadline for filing an appeal (Doc. No. 125) is **DENIED**.

Dated: July 10, 2013

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge